[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Passarello, and the defendant, intermarried on May 10, 1980 at Hamden, Connecticut. They have resided continuously in this state since that time. There are two minor children issue of the marriage: Jennifer Sablitz, born July 7, 1985, and Jaclyn Sablitz, born August 14, 1988.
The parties are before the court upon the complaint of the plaintiff and the cross-claim of the defendant. The evidence CT Page 41 presented at trial clearly establishes that the marriage of the parties has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in § 46b-56, § 46b-56a, § 46b-81, § 46b-82 and §46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 16 years. Stress in the marriage first developed in 1995 when the wife overheard a telephone call of the husband with another woman. As the phone was coded the wife was able to track the number through the telephone company as belonging to a Mary Lou Goldberg. The wife heard her husband say: "I would like to pack my bags and leave."
In addition the evidence disclosed that the husband engaged in excessive drinking resulting in two accidents with a telephone pole and a snow plow as well as a fall down stairs. The court believes that the husband's extramarital interest as well as his drinking were the chief causes of the irreconcilable differences between the parties.
In entering the orders that follow, the court has considered that both parties are gainfully employed on a full time basis. In addition the court has considered the statutory criteria aforementioned with respect to both parties.
I. CUSTODY AND VISITATION
A. There shall be joint legal custody of the two minor children, Jennifer and Jaclyn, the physical custody and residence of the children to be with the wife.
B. The husband shall be entitled to reasonable and flexible visitation with the minor children upon providing the wife with notice at least 24 hours in advance of his intention to visit with the children. Said visitation shall include reasonable overnights providing that such overnight visitation does not interfere with the children's school responsibilities and schedule.
The transporting of the children shall be the wife's CT Page 42 responsibility or visitation shall be at the children's residence, as the husband is not to drive the children until such time that the wife is satisfied that the husband's drinking no longer presents a risk to their welfare and safety, or the court orders otherwise. The husband is to consume no alcoholic beverages at least 12 hours prior to and during visitation.
C. The husband and wife shall work out between themselves the sharing of vacation times, holidays and birthdays. During the summer vacation the father is entitled to have the children with him for a two week period of his selection with proper consideration of the wife's and children's schedule and commitments. The father must give (2) two weeks notice in advance thereof of his intention to have the children with him during such period.
If the parties cannot agree as to holiday, birthday and for vacation sharing, either party may petition the superior court for guidance and a determination of the issue.
Husband shall have the right to daily telephone contact with the children. Such telephone conduct shall be at reasonable hours and times. The wife shall have the right to reasonable telephone contact when the children are with the husband at reasonable hours and times.
II. CHILD SUPPORT
The court has considered the affidavits of the parties as well as check stubs representing the husband's income from construction work, unemployment compensation and additional income from his union's supplemental Unemployment Benefits Fund. The court finds that the husband's net income for support guidelines purposes is $544 per week. The wife's net income is found to be $435 per week. Therefore, husband shall pay to wife, as child support for the two minor children, the sum of $176 per week, said payments to continue with respect to each child in accordance with support guidelines until said child completes the twelfth grade, or attains the age of nineteen (19) which ever first occurs, as set forth in Connecticut General Statutes §46b-84, or such child's emancipation or death. Such support amount is in accord with the Support Guidelines and shall commence on Friday, January 17, 1997 and continue weekly thereafter. CT Page 43
III. ALIMONY
Husband shall pay to wife the sum of $65.00 per week, as alimony, payable on Friday of each week, commencing January 17, 1997. Said alimony payments are to continue for 15 years or until the death or remarriage of the wife, or until the death of the husband, whichever is first to occur.
IV. PERSONAL PROPERTY
The parties have already divided their personalty to their mutual satisfaction.
V. OTHER PROPERTY
A. The plaintiff wife shall have sole ownership, title and use of the 1993 Dodge Caravan vehicle.
B. The defendant husband shall have sole ownership, title and use of the 1993 Chrysler Eagle Talon vehicle.
C. The amount of any outstanding loan on either vehicle shall be the sole responsibility of the owner and user of said vehicle as above, and said party shall indemnify and save harmless the other from any liability with respect to any such loan.
Each party shall execute and deliver all necessary documents required to transfer title and ownership of said respective vehicle to the other party, so as to enable the registration of each vehicle in the name of the new owner of record.
VI. MEDICAL AND DENTAL COVERAGE
A. The husband shall maintain medical and dental (if available) insurance for the benefit of the minor children to the extent available through his employment. If at any time such coverage is no longer available, each party shall be responsible for procuring and maintaining a health insurance plan for the benefit of the minor children and shall share the cost of such plan equally. Such coverage shall continue for the benefit of each child for so long as the husband has an obligation to pay support' as set forth above.
B. Husband shall make available to the wife cobra benefits with respect to health insurance presently covering her through CT Page 44 the husband's family coverage at his employment. Should the wife elect said coverage the husband shall pay for the wife's medical insurance under COBRA for a period of two years from date. The Husband's responsibility to pay said COBRA benefits on behalf of the Wife shall terminate two years from the date of dissolution and shall be nonmodifiable as to duration and term. Any unreimbursed medical expenses for the wife shall be the responsibility of the wife during said two year period.
C. The parties shall share equally any uninsured/unreimbursed medical and dental expenses of the children. Medical expenses shall include optical, surgical, psychiatric, psychological hospital and reasonable nursing expenses, cost of prescription drugs and medicines, and dental expenses including orthodontic expenses.
D. Neither party shall contract for any extraordinary expenses on behalf of the children without first consulting the other, except in the case of emergencies. "Extraordinary expenses" for the purpose of this paragraph shall be defined as psychiatric or psychological counseling or therapy, elective surgery or non-medical healing treatments. Consent to psychiatric or psychological counseling or elective surgery, when recommended by a licensed healthcare professional, shall not be unreasonably withheld.
VII. DEBTS
A. The wife shall be responsible for those debts listed on her financial affidavit, that is, J.C. Penney $320, FCNB $410, Sears $1,300.
B. The husband shall be responsible for the Support/Alimony arrearage listed on his financial affidavit which he shall continue to pay at the rate of $30 per week until fully paid.
C. Husband shall also be responsible for and indemnify and hold wife harmless with respect to all claims embodied inMcGovern v. Sablitz, now pending in court.
VIII. BANK ACCOUNTS
Each party may retain the bank account or accounts reflected on their respective financial affidavits. CT Page 45
IX. PENSIONS
The defendant is to transfer to the plaintiff by QDRO order the sum of $4,625 said transfer shall result in equalizing the pension amounts of the parties. Plaintiff shall be responsible for drafting said QDRO order.
X. LIFE INSURANCE
Both plaintiff and defendant shall name the children as beneficiaries of any life insurance policies presently in their name, or provided through their employment, and are ordered to retain said children as beneficiaries until each child reaches the age of 18.
XI. TAX EXEMPTIONS
Defendant shall be entitled to take the younger child Jaclyn as a tax dependant. Plaintiff shall take the older child Jennifer as a tax dependant.
XII. COUNSEL FEES
The court orders that the defendant husband pay $3,000 toward the plaintiff wife's counsel fees.
David W. Skolnick, Judge